■ JESSICA E. DEUTSCH, Appellant, v POLLY N. PASSONNEAU, P.C., Respondent. [747 NYS2d 164]

Plaintiff substituted defendant as her attorney in August 1995 in the midst of trial. In July 1996, before the trial court issued its decision (*see* 254 AD2d 8), defendant moved to withdraw. By order entered September 12, 1996, the trial court, explaining that plaintiff should not be left on her own to deal with the "final winding up of the technical details in this complex matter," denied the motion "insofar as counsel seeks to avoid representation with respect to the settlement of the judgment," while making clear that defendant did not have to represent plaintiff in actions brought against her by prior counsel and an expert who testified at trial. The trial court further explained this order in its May 1997 decision after trial, stating that defendant, "one of many" attorneys that plaintiff had in the action, "ha[d] been relieved by the court after the submission of the post-trial briefs, although the court directed her to remain in the case for the purpose of the settlement of the judgment to be entered on this decision." Defendant continued to represent plaintiff through the August 19, 1997

entry of the divorce judgment and related documents. The instant malpractice action was filed on July 18, 2000. The motion court, rejecting defendant's argument that the three-year statute of limitations began to run on September 12, 1996 by reason of the court order of that date permitting her partial withdrawal, and also rejecting plaintiff's argument that the limitations period did not begin to run until August 19, 1997 by reason of the continuous representation doctrine, held that all claims arising out of acts or omissions occurring prior to July 18, 1997 were time-barred, but that "[p]laintiff may, however, pursue all claims arising out of defendant's continued representation after that date for *limited* purposes only, including the settlement of the judgment." (Emphasis in original.)

We find that defendant's representation of plaintiff in this matter did not conclude until the August 19, 1997 entry of the judgment, less than three years prior to the commencement of the action, and, accordingly, modify to reinstate the complaint in its entirety. Although the parties had clearly lost trust and confidence in one another by the time of defendant's July 1996 motion to withdraw, the court compelled them to continue their attorney-client relationship for purposes of "winding up" the matter, and plaintiff could not be reasonably expected to sue defendant for malpractice until such winding up had occurred (*see Glamm v Allen*, 57 NY2d 87, 94).

Plaintiff's claims for breach of fiduciary duty seek only money damages, and, accordingly, are governed by the three-year statute of limitations (*see Yatter v William Morris Agency*, 256 AD2d 260, 261). However, because of the continuous representation toll, these claims too are not time-barred. Concur—Williams, P.J., Tom, Rosenberger and Friedman, JJ.