■ FREDERICK REHBERGER, Appellant, v GARGUILO & OR-ZECHOWSKI, LLP, et al., Respondents. [854 NYS2d 650]—In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kerins, J.), dated May 10, 2007, as granted the motion of the defendants Garguilo & Or-zechowski, LLP, and Stanley E. Orzechowski to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (5) as time-barred and that branch of the separate motion of the defendant Jerry Garguilo which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Garguilo & Orzechowski, LLP, and Stanley E. Orzechowski to dismiss the complaint insofar as asserted against them is denied, and that branch of the motion of the defendant Jerry Garguilo which was to dismiss the complaint insofar as asserted against him is denied.

The plaintiff commenced this action to recover damages arising from legal malpractice allegedly committed by the defendants while representing him in a declaratory judgment action to enforce the buy-out provision of a stock agreement. In the order appealed from, the Supreme Court, inter alia, dismissed the complaint as time-barred. We reverse the order insofar as appealed from.

In support of their respective motions pursuant to CPLR 3211 (a) (5), each of the defendants demonstrated, prima facie, that the time in which to sue had expired and that the complaint was time-barred as against them (*see McCoy v Feinman*, 99 NY2d 295 [2002]; *Sabadie v Burke*, 47 AD3d 913 [2008]; *Matter of Schwartz*, 44 AD3d 779 [2007]; *Savarese v Shatz*, 273 AD2d 219 [2000]; CPLR 214 [6]). However, in opposition, the plaintiff raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous representation doctrine (*see Town of Wallkill v Rosenstein*, 40 AD3d 972 [2007]; *Tropp v Lumer*, 23 AD3d 550 [2005]; *Savarese v Shatz*, 273 AD2d 219 [2000]). Thus, the complaint should not have been dismissed as time-barred. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur. [*See* 2007 NY Slip Op 31347(U).]