■ Leon Petroleum, LLC, et al., Respondents-Appellants, v Carl S. Levine & Associates, P.C., Also Known as CSL Holdings, Inc., et al., Appellants-Respondents. [914 NYS2d 661]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated September 10, 2009, as denied that branch of their motion which was for summary judgment dismissing the fourth cause of action alleging legal malpractice, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the defendants' motion which were for summary judgment dismissing the fifth

and sixth causes of action alleging breach of contract and breach of fiduciary duty, respectively.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"An action to recover damages arising from an attorney's malpractice must be commenced within three years from accrual" (*McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *see* CPLR 214 [6]). The defendants established their prima facie entitlement to judgment as a matter of law based on the defense of the statute of limitations by showing that this action was commenced more than three years after the legal malpractice cause of action accrued (*see Hasty Hills Stables, Inc. v Dorfman, Lynch, Knoebel & Conway, LLP*, 52 AD3d 566, 567 [2008]; *Rachlin v LaRossa, Mitchell & Ross*, 8 AD3d 461, 462 [2004]). In opposition, however, the plaintiffs raised a triable issue of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation (*see Town of Wallkill v Rosenstein*, 40 AD3d 972 [2007]; *Tropp v Lumer*, 23 AD3d 550, 551 [2005]; *N&S Supply v Simmons*, 305 AD2d 648 [2003]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action alleging legal malpractice.

The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the fifth and sixth causes of action alleging breach of contract and breach of fiduciary duty respectively, since these causes of action were merely duplicative of the plaintiff's fourth cause of action alleging legal malpractice (*see Kvetnaya v Tylo,* 49 AD3d 608, 609 [2008]; *Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.