■ BOGDAN ZABOROWSKI, Respondent, v LOCAL 74, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Also Known as UNITED SERVICE WORKERS UNION LOCAL 74, Appellant, et al., Defendants. [936 NYS2d 575]—

In April 2010, the plaintiff commenced an action in federal district court against, among others, the appellant, alleging, inter alia, breach of the duty of fair representation. Thereafter, the federal action was voluntarily discontinued pursuant to a stipulation of discontinuance. In September 2010, the plaintiff commenced this action, similarly alleging that the appellant had breach its duty of fair representation. The Supreme Court denied the appellant's motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against it as time-barred and for failure to state a cause of action, respectively.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant

must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (*Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *see Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]).

Here, in opposition to the appellant's prima facie showing that the time in which to commence this action has expired, the plaintiff failed to raise an issue of fact as to whether the statute of limitations was tolled pursuant to CPLR 205 (a). CPLR 205 (a) is not applicable to the instant case, since the plaintiff's similar and timely commenced federal action was terminated by means of a voluntary discontinuance pursuant to a stipulation which contains no express statement of intent to preserve the right to commence a new action (*see Naval v Lehman Coll.*, 303 AD2d 662 [2003]; *Kourkoumelis v Arnel*, 238 AD2d 313 [1997]; *cf. George v Mt. Sinai Hosp.*, 47 NY2d 170, 180 [1979]).

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.