In an action to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lane, J.), dated September 30, 2011, which, upon an order of the same court dated September 6, 2011, granting those branches of the motion of the defendants Mitchell Hirsch, Scott Hirsch, Hirsch and Hirsch, and Hirsch and Hirsch, LLR which were pursuant to CFLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
Ordered that the judgment is affirmed, with costs.
“On a motion to dismiss a complaint pursuant to CFLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired” (Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769 [2012] [internal quotation marks omitted]). “The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable” (id. at 769 [internal quotation marks omitted]). “[A] fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it, whichever is later” (Vilsack v Meyer, 96 AD3d 827, 828 [2012] [internal quotation marks omitted]; see CFLR 213 [8]).
Here, the alleged fraud occurred in 2001, and the defendants *726 Mitchell Hirsch, Scott Hirsch, Hirsch and Hirsch, and Hirsch and Hirsch, LLP (hereinafter collectively the Hirsch defendants), established, prima facie, through the plaintiffs deposition testimony taken in May 2007 in another action, that by that time, at the latest, the plaintiff had acquired knowledge of the alleged fraud. Since the plaintiff did not commence this action for fraud until December 22, 2010, which was more than two years after May 2007, the Hirsch defendants met their prima facie burden of establishing that the action was time-barred. In opposition, the plaintiff failed to raise a triable issue of fact (see Shalik v Hewlett Assoc., L.P., 93 AD3d 777, 778 [2012]).
Accordingly, the Supreme Court properly granted that branch of the motion of the Hirsch defendants which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them.
In light of our determination, we need not reach the issue of whether the Supreme Court properly granted that branch of the motion of the Hirsch defendants which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) (see Zaborowski v Local 74, Serv. Empls. Inti. Union, AFL-CIO, 91 AD3d at 768). Dickerson, J.P, Chambers, Austin and Sgroi, JJ., concur. [Prior Case History: 2011 NY Slip Op 33316(U).]