■ KITTY JIE YUAN et al., Appellants, v 2368 WEST 12TH STREET, LLC, et al., Defendants, and RONEN SHIPONI, Respondent. [988 NYS2d 898]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated April 12, 2013, as granted that branch of the motion of the defendant Ronen Shiponi which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Ronen Shiponi which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred is denied.

On a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (*see Beizer v Hirsch*, 116 AD3d 725 [2014]; *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]). The burden then shifts to the plaintiff to raise a triable issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Beizer v Hirsch*, 116 AD3d 725 [2014]; *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d at 769).

Here, the defendant Ronen Shiponi established his prima facie entitlement to dismissal of the complaint based on the expiration of the three-year statute of limitations applicable to the cause of action, inter alia, to recover damages for legal malpractice (*see* CPLR 214 [6]). In opposition, however, the plaintiffs raised a question of fact as to whether the applicable statute of limitations was tolled by the doctrine of continuous representation (*see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA*, 117 AD3d 978, 980 [2014]; *Macaluso v Del Col*, 95 AD3d 959, 960-961 [2012]; *Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C.*, 80 AD3d 573, 574 [2011]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1017-1018 [2010]; *Rehberger v Garguilo & Orzechowski, LLP*, 50 AD3d 760, 760 [2008]; *Deutsch v Polly N. Passonneau, P.C.*, 297 AD2d 571 [2002]). Accord-

ingly, the Supreme Court should have denied that branch of Shiponi's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.