■ MADELEINE E. SCHWARTZ, Respondent-Appellant, et al., Plaintiff, v LEAF, SALZMAN, MANGANELLI, PFIEL & TENDLER, LLP, et al., Appellants-Respondents. [999 NYS2d 444]—

In an action, inter alia, to recover damages for negligence, accounting malpractice, fraud, breach of fiduciary duty, and unjust enrichment, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated May 13, 2013, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the second cause of action, and the plaintiff Madeleine E. Schwartz cross-appeals, as limited by her brief, from so much of the same order as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first, third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is time-barred, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA*, 117 AD3d 978 [2014]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1017 [2010]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable or whether the action was actually commenced

within the applicable limitations period (*see Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674 [2014]; *Beizer v Hirsch*, 116 AD3d 725 [2014]; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]). Here, the defendants established their prima facie entitlement to dismissal of the complaint based on the expiration of the three-year statute of limitations applicable to the cause of action, inter alia, to recover damages for accounting malpractice (*see* CPLR 214 [6]; *Regency Club at Wallkill, LLC v Appel Design Group, P.A.*, 112 AD3d 603 [2013]). In opposition, however, the plaintiffs raised a question of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation (*see Howish v Perrotta*, 84 AD3d 1312 [2011]; *Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 196 [2009]; *Rehberger v Garguilo & Orzechowski, LLP*, 50 AD3d 760 [2008]).

As the complaint sufficiently alleged a cognizable claim of accounting malpractice (*see Bruno v Trus Joist a Weyerhaeuser Bus.*, 87 AD3d 670 [2011]; *Kristina Denise Enters., Inc. v Arnold*, 41 AD3d 788 [2007]; *Estate of Burke v Repetti & Co.*, 255 AD2d 483 [1998]), the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action. Additionally, the Supreme Court properly granted those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and third through ninth causes of action, which sought to recover damages for negligence, fraud, breach of fiduciary duty, and unjust enrichment, since they were duplicative of the professional malpractice cause of action, as they arose from the same facts and do not allege distinct damages (*see Blanco v Polanco*, 116 AD3d 892 [2014]; *Bruno v Trus Joist a Weyerhaeuser Bus.*, 87 AD3d 670 [2011]; *Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C.*, 80 AD3d 573 [2011]; *Stuart v Kushner*, 68 AD3d 974 [2009]; *Town of Wallkill v Rosenstein*, 40 AD3d 972 [2007]).

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the accounting malpractice cause of action pursuant to CPLR 3211 (a) (1). The defendants contend that that cause of action is barred by the doctrine of in pari delicto, which "mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (*Kirschner v KPMG LLP*, 15 NY3d 446, 464 [2010]). However, the adverse interest exception to the doctrine of in pari delicto provides that "when an agent is engaged in a scheme to defraud his principal, either for his own benefit or that of a third person, the presumption that knowledge held by the agent was disclosed

to the principal fails because he cannot be presumed to have disclosed that which would expose and defeat his fraudulent purpose" (*Center v Hampton Affiliates*, 66 NY2d 782, 784 [1985]). Here, the documentary evidence submitted by the defendants did not conclusively foreclose the application of the adverse interest exception to the in pari delicto defense (*see Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d at 196-199; *compare Chaikovska v Ernst & Young, LLP*, 78 AD3d 1661, 1662-1664 [2010]).

The parties' remaining contentions are without merit. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.