■ GREGORY A. BEROZA, Respondent, v SALLAH LAW FIRM, P.C., et al., Appellants. [5 NYS3d 297]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated April 2, 2014, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

"On a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (*Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2014]; *see Beizer v Hirsch*, 116 AD3d 725, 725 [2014]; *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d at 674; *Beizer v Hirsch*, 116 AD3d at 725;

*Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d at 769).

The three-year limitations period applicable to causes of action to recover damages for legal malpractice "may be tolled by the continuous representation doctrine where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*Aseel v Jonathan E. Kroll & Assoc., PLLC*, 106 AD3d 1037, 1038 [2013] [internal quotation marks omitted]; *see Zorn v Gilbert*, 8 NY3d 933, 934 [2007]; *McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *Singh v Edelstein*, 103 AD3d 873, 874 [2013]). "For the doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney" (*Aseel v Jonathan E. Kroll & Assoc., PLLC*, 106 AD3d at 1038 [internal quotation marks omitted]; *see Piliero v Adler & Stavros*, 282 AD2d 511, 512 [2001]). " 'One of the predicates for the application of the doctrine is continuing trust and confidence in the relationship between the parties' " (*Aseel v Jonathan E. Kroll & Assoc., PLLC*, 106 AD3d at 1038, quoting *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 507 [1990]; *see Coyne v Bersani*, 61 NY2d 939 [1984]; *Piliero v Adler & Stavros*, 282 AD2d at 512).

Here, the defendants established their prima facie entitlement to dismissal of the complaint based on the expiration of the applicable three-year statute of limitations (*see* CPLR 214 [6]). In opposition, however, the plaintiff raised a question of fact as to whether the applicable statute of limitations was tolled by the doctrine of continuous representation (*see Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d at 674-675; *Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA*, 117 AD3d 978, 980 [2014]; *Macaluso v Del Col*, 95 AD3d 959, 960-961 [2012]).

Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.