■ ELERY MITCHELL, Respondent, v AUGUSTINE DIJI, Appellant, et al., Defendants. [22 NYS3d 464]—

In an action, inter alia, to recover damages for fraud and violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.*), the defendant Augustine Diji appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated September 20, 2013, as denied his motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against Augustine Diji, Joseph Tetteh, and Meacham Group, Inc., by filing a summons and complaint on March 28, 2013. The complaint alleged, inter alia, that in November 2006, the plaintiff retained Diji as his legal counsel to represent him in real estate matters. The complaint further alleged that, at that time, Diji knew Tetteh and was working in conjunction with him, but did not disclose these facts to the plaintiff. Diji also allegedly induced the plaintiff to provide a mortgage-secured loan in the principal sum of $380,000 to Tetteh to finance Tetteh's purchase of certain real property, which property Tetteh then immediately transferred to Meacham Group, Inc., for no consideration. According to the allegations of the complaint, Diji, Tetteh, and Meacham Group, Inc., conspired to benefit from the plaintiff's $380,000 loan, which they knew would not be repaid.

Diji moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, and, in an order dated September 20, 2013, the Supreme Court denied his motion. Diji appeals from that portion of the order, and we affirm the order insofar as appealed from.

Contrary to Diji's contention, the Supreme Court properly denied that branch of his motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him on the ground that he was not properly served with the summons and complaint. The papers submitted by Diji in support of that branch of the motion indicated, in part, that a process server left a copy of the summons and complaint with a person of suitable age and discretion at an address where Diji maintained a business office, and then mailed a second copy of those pleadings to Diji at the same address (*see* CPLR 308 [2]). Accordingly, Diji failed to sustain his burden on this branch of his motion.

Further, the Supreme Court properly denied those branches of Diji's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action alleging fraud insofar as asserted against him. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Fromowitz v W. Park Assoc., Inc.*, 106 AD3d 950, 951 [2013]). Although "a cause of action to recover damages for fraud will not arise when the only fraud alleged relates to a breach of contract" (*Rosen v Watermill Dev. Corp.*, 1 AD3d 424, 426 [2003]), the complaint here alleged that

Diji was not a party to the transaction at issue. The complaint, as amplified by the plaintiff's affidavit, further alleged that Diji fraudulently induced the plaintiff to make the subject loan by materially misrepresenting it as a lucrative investment opportunity, by concealing that he knew and was working with Tetteh, and by conspiring with Tetteh to avoid repayment of the loan. Additionally, the complaint alleged that the plaintiff justifiably relied on these misrepresentations and omissions, since Diji was the plaintiff's lawyer and was solely obligated to safeguard the plaintiff's interests. Finally, the complaint alleged that Diji and Tetteh shared in the benefits of the loan, which was never repaid, thereby damaging the plaintiff. Accordingly, these allegations were sufficient to state a cause of action against Diji alleging fraud (*see generally* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Moreover, contrary to Diji's contention, the documentary evidence he submitted in support of his motion does not utterly refute these allegations, and, thereby, conclusively establish a defense as a matter of law (*see generally* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

Furthermore, we find unpersuasive Diji's contention that the Supreme Court erred in denying that branch of his motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the cause of action alleging violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.* [hereinafter RICO]) insofar as asserted against him. "The statute of limitations for civil RICO claims is four years" and "is deemed to have accrued when the plaintiff 'knew or should have known of his or her injury, regardless of when he or she discovered the underlying fraud' " (*House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d 848, 849-850 [2013], quoting *Dempster v Liotti*, 86 AD3d 169, 178 [2011]). However, in support of this branch of his motion, Diji merely established that the underlying loan transaction occurred in 2007 and the plaintiff hired an attorney to investigate the circumstances of the transaction in 2008. Since Diji produced no evidence that the plaintiff knew or should have known, more than four years prior to the commencement of the action, that Diji's actions caused him any injury, Diji failed to sustain his "initial burden of establishing, prima facie, that the time in which to sue had expired" (*House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d at 849).

Diji's remaining contentions are either improperly raised for the first time on appeal or without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.