JAMIE HOOKER, Appellant, v DAVID BRYAN MAGILL et al., Respondents. [33 NYS3d 697]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered May 18, 2015, which to the extent appealed from as limited by the briefs, granted defendant medical center's (NYU) CPLR 3211 (a) (7) motion to dismiss so much of the third cause of action as alleged negligence on its part in the hiring, supervision and credentialing of its employee, defendant physician (since deceased), unanimously reversed, on the law, without costs, and the claim reinstated.

On a motion addressed to the pleadings we are required to assume the truth of the allegations contained in the complaint. Plaintiff's pleadings and sworn statements in opposition to the motion, when viewed in the light most favorable to her and all reasonable inferences drawn in her favor, state a legally sufficient claim for negligent hiring, supervision and credentialing, notwithstanding unsubstantiated averments from NYU's representatives to the effect that its internal records maintained in the ordinary course of business did not give notice of a sexual propensity by the physician, or indicate that he engaged in inappropriate sexual conduct while employed by NYU (*see generally Leo v Mt. St. Michael Academy*, 272 AD2d 145 [1st Dept 2000]). Moreover plaintiff should be permitted discovery of the relevant information in NYU's sole possession, as such discovery could lead to relevant evidence. We note defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) was not converted to a motion for summary judgment pursuant to CPLR 3211 (c). Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.