The Jefferson Apartments, Inc., Plaintiff,

against
Steven J. Mauceri, et al., Defendants


7396/2015

For Plaintiff:
Novitt, Sahr & Snow, LLP, by Steven R. Vaccaro, Esq., 1515, Forest 
Hills, N.Y. 11375
For Defendant Steven J. Mauceri: Landman Corsi Ballaine & Ford, P.C., by Sophia Ree & Ramsen Youash, Esqs., 120 Broadway, New York, N.Y. 10271-0079


Martin E. Ritholtz, J.

The "continuous treatment" doctrine originated in medical malpractice cases to toll the running of the statute of limitations. This judicial exception was first encountered in 1902 in Gillette v. Tucker, 65 N.E. 865 (Ohio 1902). The Gillette court held that using the surgery date as the starting point for calculating the statute of limitations would improperly burden the victim by forcing her to sue the surgeon while her treatment continued or forego her cause of action. Id. at 871. Over 100 years later, the "continuous treatment" doctrine, adopted by the New York courts, has evolved to cover not only medical malpractice, but, under the name of the "continuous representation" doctrine, has been extended to other professions and occupations, [*2]such as accountants. 
Proper analysis and application of the "continuous representation" doctrine tend to produce just results, as opposed to mindless invocation of a limitations defense. The instant motion deals, inter alia, with the application of the "continuous representation" doctrine as it relates to the tolling of the statute of limitations in an action alleging accountant or auditor malpractice.
Primarily alleging breach of contract, the plaintiff seeks damages based upon the alleged mismanagement of and unauthorized withdrawal of plaintiff's funds by defendants. On or about October 2008, Tribor Management Inc. (Tribor), entered into an agreement with plaintiff to act as the managing agent for its residential cooperative corporation located at 127-40 45th Avenue, in Flushing, Queens County, New York, with Maryann Caputo as the signatory on plaintiff's bank account. Plaintiff, upon the foregoing papers, alleges the following unauthorized transfers were made by Caputo from plaintiff's account(s):
1. On or about January 8, 2010, an unexplained transfer in the amount of $34,157.00 was made from plaintiff's account to Tribor;
2. On or about January 25, 2010, an unexplained transfer in the amount of $2,812.00 was made from plaintiff account to Tribor;
3. On or about February 9, 2010, a transfer in the amount of $34,157.00 was made from plaintiff's account to Tribor;
4. On or about December 31, 2010, an unexplained transfer in the amount of $190,000.00 was made from plaintiff's account to 140-15 Holly Avenue Owners Corp. (Holly), a separate cooperative managed by Tribor;
5. On or about December 31, 2010, an unexplained transfer in the amount of $68,750.00 was made from plaintiff's account to Holiday House Owners, Corp. (Holiday House);
6. On or about June 28, 2011, an unexplained transfer in the amount of $38,750.00 was made from Holiday House to plaintiff's account; and
7. On or about May 14, 2012, an unexplained transfer in the amount of $20,000.00 was made from plaintiff's account to Brookville Enterprises, LLC (Brookville), a company owned by Caputo.
As it relates to defendant Mauceri, plaintiff alleges that on or about June 2009, plaintiff retained Mauceri to audit plaintiff's balance sheets, related statements of operations and earnings, issue independent financial statements, prepare annual tax returns and provide consultation on financial matters for plaintiff. Plaintiff alleges that Mauceri issued financial statements for plaintiff for each fiscal year ending on June 30, 2007 through June 30, 2012, and that Mauceri prepared a draft of the financial statements for the fiscal year ending June 30, 2013 for plaintiff's Board's review, but did not issue same. The complaint further alleges that the financial statements for the fiscal years June 30, 2010 through June 30, 2013, do not accurately reflect the actual financial state of plaintiff's affairs. 
Specifically, the financial statement for the year ending June 30, 2010 failed to identify the January 8, 2010, January 25, 2010 and February 9, 2010 (unauthorized) transactions. Further, plaintiff alleges, the financial statement for the year ending June 30, 2011 failed to identify the December 31, 2010 and June 28, 2011 transactions; and the financial statement for the year ending June 30, 2012 failed to identify the May 14, 2012 transaction. As pertaining to the instant motion, plaintiff asserts the following five (5) causes of action against Mauceri: Professional Malpractice (9th Cause of Action); Aiding and Abetting the Commission of a Tort (10th Cause of Action); Negligent Misrepresentation (11th Cause of Action); Breach of Contract (12th Cause of Action); and Fraud (13th Cause of Action). Mauceri moves to dismiss these claims pursuant to CPLR 3211 (a)(1), (5) and (7). Plaintiff opposes the motion.
Discussion
To obtain a dismissal pursuant to CPLR 3211 (a) (1), the defendant must establish that the documentary evidence which forms the basis of the defense be such that it resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim (see, Leon v Martinez, 84 NY2d 83 [1994]; see also, Sheridan v Town of Orangetown, 21 AD3d 365 [2005]).
CPLR 3211(a)(7) permits the court to dismiss a complaint that fails to state a cause of action. The complaint must be liberally construed and the plaintiff given the benefit of every favorable inference (see, Leon v Martinez, 84 NY2d 83, supra; Aberbach v Biomedical Tissue Servs., Ltd., 48 AD3d 716 [2008]; Mitchell v TAM Equities, Inc., 27 AD3d 703 [2006]). The Court must also accept as true all of the facts alleged in the complaint and any factual submissions made in opposition to the motion (see, 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001]; Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc., 11 AD3d 493 [2004]).
If a court can determine that the plaintiff is entitled to relief on any view of the facts stated, its inquiry is complete and the complaint must be declared legally sufficient (see, Campaign for Fiscal Equity, Inc. v State of New York, 86 NY2d 307, 318 [1995]; see also Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001]; Stucklen v Kabro Assoc., 18 AD3d 461 [2005]). Although factual allegations contained in the complaint are deemed true, bare legal conclusions and alleged facts that are flatly contradicted by the record are not entitled to a presumption of truth (see, Lutz v Caracappa, 35 AD3d 673, 674 [2006]; Matter of Loukoumi, Inc., 285 AD2d 595 [2001]; accord, Guggenheimer v. Ginzburg, 43 NY2d 268, 275 (1977) ("[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners, factual allegations are discerned, which taken together, manifest any cause of action cognizable at law a motion for dismissal will fail."); Sabre Real Estate Grp., LLC v. Ghazvini, 140 AD3d 724 [2016] (reversing complaint's dismissal); Hooker v. Magill, 140 AD3d 589 [2016] ("Plaintiff's pleadings and sworn statements in opposition to the motion, when viewed in the light most favorable to her and all reasonable inferences drawn in her favor, state a legally sufficient claim."); Hutchison v. Kings Cty. Hosp. Ctr., 139 AD3d 673 [2016]; Fough v. Aug. Aichhorn Ctr. for Adolescent Residential Care, Inc., 139 AD3d 665 [2016]; Soldatenko v. Village of Scarsdale Zoning Bd. of Appeals, 138 AD3d 1002 [2016]; Fedele v. Qualified Pers. Residence Trust of Doris Rosen Margett, 137 AD3d 965 [2016]; Butler v. Magnet Sports & Entertainment Lounge, Inc., 135 AD3d 680, 680-681, lv. to appeal dismissed, 27 NY3d 1032 [2016]; E & D Grp., LLC v. Vialet, 134 AD3d 981, 982 [2015] ("[T]he criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate."); Sokol v. Leader, 74 AD3d 1180, 1180-1181 [2010] ("Whether a plaintiff can ultimately establish its allegations is not part of the calculus."); Cooper v. 620 Props. Assocs., 242 AD2d 359, 360 [1997] ("If from the four corners of the complaint factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, a motion to dismiss will fail.").
The branch of the motion seeking the complaint's dismissal based upon documentary evidence is denied. There are issues which are not conclusively resolved by the documentary evidence and other evidentiary facts tendered by the plaintiff (see, City Line Rent A Car, Inc. v Alfess Realty, LLC, 33 AD3d 835, 836 [2006]). Furthermore, as the complaint sufficiently alleges a cognizable claim of accounting malpractice (see, Bruno v. Trus Joist a Weyerhaeuser Bus., 87 AD3d 670 [2011]; Kristina Denise Enter., Inc. v. Arnold, 41 AD3d 788 [2007]; Estate of Burke v Repetti & Co., 255 AD2d 483 [1998], the branch of the motion which is to dismiss the ninth cause of action, pursuant to CPLR 3211(a)(7), is denied.
CPLR 3211(a)(5) permits the defendant to seek and obtain a dismissal of one or more causes of action asserted against it on the ground that the cause of action is barred by the statute of limitations. Here, the relevant statute of limitations is CPLR 214 (6), which provides that an action for non-medical professional malpractice must be commenced within three years of the date of accrual. This three-year statute of limitations applies to all non-medical professional malpractice claims "regardless of whether the underlying theory is based in contract or tort" (CPLR 214 [6]; see, Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 541-542 [2004]; Harris v Kahn, Hoffman, Nonenmacher & Hochman, LLP, 59 AD3d 390, 391 [2009]; RGH Liquidating Trust v Deloitte & Touche LLP, 47 AD3d 516, 517 [2008]).
On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is time-barred, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see, Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA, 117 AD3d 978 [2014]; Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1017 [2010]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable or whether the action was actually commenced within the applicable limitations period (see, Kitty Jie Yuan v 2368 W. 12th St., LLC, 119 AD3d 674 [2014]; Beizer v Hirsch, 116 AD3d 725 [2014]; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359 [2011].
Negligence claims made against a non-medical professional, whether based in tort or contract, are governed by a three-year statute of limitations (see, CPLR 214(6); see also, In the Matter of the Arbitration of R.M. Kliment & Frances Halsband and McKinsey & Company, Inc., 3 NY3d 538 [2004]; Chase Scientific Research, Inc. v NIA Group, Inc, 96 NY2d 20 [2001]; Ackerman v Price Waterhouse, 84 NY2d 535 [1994]). As to the accounting malpractice claim, absent fraud, such a claim accrues when the harm occurs, which is "when all the facts necessary to the cause of action have occurred," regardless of whether the plaintiff has yet become aware of the error (see, Ackerman v Price Waterhouse, 84 NY2d 535, supra; Mitschele v Schultz, 36 AD3d 249, 252 [2006]). Here, the alleged transactions on January 8, 2010, January 25, 2010 and February 9, 2010 would have been disclosed as a receivable in the financial statement for the year ending June 30, 2010, which was issued on February 7, 2011. With regards to these claims for auditing/accounting services rendered prior to June 17, 2012, they are dismissed.
The continuous representation doctrine tolls the running of the statute of limitations on a claim arising from the rendition of professional services only so long as the defendant continues to advise the client "in connection with the particular transaction which is the subject of the action and not merely during the continuation of a general [*3]professional relationship" (Zaref v Berk & Michaels, 192 AD2d 346, 348 [1993] [citations omitted]; see also, Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz, 32 AD3d 710, 713 [2006]; CLP Leasing Co., LP v Nessen, 12 AD3d 226, 227 [2004]; Dignelli v Berman, 293 AD2d 565, 566 [2002]). Thus, unless services relating to the particular transaction sued upon were rendered within the limitation period, even the defendant's "general and unfettered control of [the plaintiff's] financial, tax and investment affairs is insufficient to sustain the timeliness" of the action (Zaref, 192 AD2d at 348). Stated otherwise, where a professional advises a client in "a series of discrete and severable transactions" (Parlato v Equitable Life Assur. Socy. of U.S., 299 AD2d 108, 115 [2002], lv. to appeal denied, 99 NY2d 508 [2003]), the performance of services in each successive transaction does not serve to toll the running of the statute of limitations on any claim arising from the prior transaction (see, Booth v Kriegel, 36 AD3d 312, 314 [2006]).
In this case, plaintiff does not dispute that the statute of limitations would be three years prior to the commencement of this action on June 17, 2015. Plaintiff disputes whether the financial statements for the period of July 1, 2010 and June 30, 2011 ("the 2011 Financial Statement"), prepared by Mauceri are within the statutory period. Plaintiff argues that the claim for the 2011 Financial Statements accrued on the day Mauceri issued it to the Board, on or about September 28, 2012. Page 1 of Mauceri's report dated September 28, 2012, provides, as herein relevant, as follows:
In my opinion, the financial statements and schedules referred to above present fairly, in all material respects, the financial position of The Jefferson Apartments, Inc., as of June 30, 2012 and June 30, 2011, and results of its operations for the years then ended in accordance with accounting principles generally accepted in the United States of America
Plaintiff correctly argues that the "recertification" of the 2011 financials by Mauceri in his financial statement dated September 28, 2012, constituted an undertaking to perform further work for the 2011 audit. The continuous representation doctrine tolls the statute of limitations where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim (McCoy v Feinman, 99 NY2d 295, 306 [2002]). Here, the recertification of the 2011 financials by Mauceri in his financial statement dated September 28, 2012, constituted an undertaking to perform further work on the 2011 audit. 
The branch of the motion seeking dismissal of the professional malpractice claims based upon the audit performed on the 2011 financials by Mauceri is, therefore, denied. Plaintiff raised a question of fact as to whether the statute of limitations with regards to [*4]these transactions was tolled by the doctrine of continuous representation (see, Schwartz v Leaf, Salzman, Manganelli, Pfiel, & Tendler, LLP, 123 AD3d 901 [2014]; Howish v Perrotta, 84 AD3d 1312 [2011]; Symbol Tech., Inc. v Deloitte & Touche, LLP, 69 AD3d 191, 196 [2009]; Rehberger v Garguilo & Orzechowski, LLP, 50 AD3d 760 [2008]). At a minimum there is an issue of fact as to whether Mauceri's representation of plaintiff and the certification/recertification of the financial statement for the 2011 audit reflected a course of "continuous representation" intended to rectify or mitigate the initial act of alleged malpractice which occurred in connection with the preparation of the financials (see Weiss v Manfredi, 83 NY2d 974 [1994]; Kennedy v H. Bruce Fischer, Esq., 78 AD3d 1016 [2010]).
The branch of the motion which is to dismiss plaintiff's claim against Mauceri for aiding and abetting the commission of a tort for failure to plead with particularity, is denied. To assert a claim for aiding and abetting, plaintiff must allege (1) the existence of an underlying tort; (2) defendant's actual knowledge of the underlying tort; and (3) defendant's provision of substantial assistance in the commission of the underlying tort. Thus, to allege aiding and abetting fraud, for example, plaintiff must allege that defendant had actual knowledge of the fraud and provided substantial assistance in its commission (In re Bayou Hedge Funds Inv. Litig., 472 F. Supp. 2d 528, 532 [S.D.NY 2007]; Steed Finance LDC v Laser Advisers, Inc., 258 F. Supp. 2d 272, 282 [S.D.N.Y.2003]). Here, plaintiff alleges multiple torts against co-defendants Caputo and Tribor sounding in conversion, fraud, fraudulent concealment, breach of fiduciary duty and negligence. As to particularization of the claim, plaintiff alleges that Mauceri knew of the co-defendants' unauthorized transfers of plaintiff's funds and failed to report the same. The specifics as to the amounts, dates and recipients of the unauthorized transfers are also alleged with particularity throughout the complaint.
The elements of a claim for negligent misrepresentation are: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]; see, Hudson Riv. Club v Consolidated Edison Co. of NY, 275 AD2d 218, 220 [2000]). The branch of the motion which is to dismiss the eleventh cause of action (negligent misrepresentation), is granted as the same is duplicative of the professional malpractice claim as they arose from the same facts and do not allege distinct damages (see, Blanco v Polanco, 116 AD3d 892 [2014]; Bruno v Trus Joist a Weyerhaeuser Bus., 87 AD3d 670 [2011]; Leon Petroleum, LLC v Carl S. Levine & Associates, P.C., 80 AD3d 573 [2011]; Stuart v Kushner, 68 AD3d 974 [2009]; Town of Wallkill v Rosenstein, 40 AD3d 972 [2007]; cf. Rosenbach v Diversified Grp., Inc., 2006 WL 1310656, 2006 NY Slip Op. 50856(U) [Sup. Ct. New York County 2006]).
The branch of the motion which is to dismiss the twelfth cause of action, to wit, breach of contract is granted. The breach of contract claim is duplicative of the malpractice claim and thus is dismissible for that reason (see, Fross, Zelnick, Lehrman & Zissu, P.C. v Geer, 120 AD3d 1157, 1158 [1st Dept. 2014] ("The breach of contract counterclaim is duplicative of the [professional] malpractice claim, since it is based on the same factual allegations that underlie the malpractice [claim]"; Voutsas v Hochberg, 103 AD3d 445, 446 [1st Dept. 2013]).
The branch of the motion which is to dismiss the thirteenth cause of action, to wit, fraud, is denied. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Mitchell v Diji, 134 AD3d 779, 780 [2015], citing Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898 [2010]; see, Fromowitz v W. Park Assoc., Inc., 106 AD3d 950, 951 [2013]). In order to plead a prima facie case of fraud, a plaintiff must allege each of the elements of fraud with particularity and must support each element with an allegation of fact (see, CPLR 3016[b]; Lanzi v Brooks, 54 AD2d 1057 [1976], aff'd, 43 NY2d 778 [1977], motion to amend the remittitur granted, 43 NY2d 947 [1978]). This requirement "should not be confused with unassailable proof of fraud," and "may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 [2008]; see, Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). 
Here, the complaint alleges, inter alia, that Mauceri claimed that he independently verified the funds in plaintiff's account which, if true, was a misrepresentation since the financial institution advised that the authorized signature on the form is not authentic. It appears, therefore, that the allegations in the complaint are sufficient to establish that Mauceri either knowingly failed to send the Confirm Form to the Financial Institution or intentionally failed to conduct a thorough and accurate audit. Either way, the allegations of fraud are sufficient to withstand a 3016[b], dismissal. 
The fraud claim, moreover, is not dismissed on the ground that it is duplicative of plaintiff's professional malpractice claim. Here, the allegations of fraud contained in the complaint rely upon facts setting forth intentional acts by Mauceri. The action in professional malpractice, while also relying upon some of the facts of the fraud cause of action, alleges separate acts and omissions by Mauceri, to wit, in failing to properly document unauthorized transfers from plaintiff's account to third-parties namely: January 8, 2010, for $34,157.00 to Tribor; January 25, 2010 for $2812, to Tribor; February 9, 2010 for $34,157.00 to Tribor; December 31, 2010 for $190,000 to Holly; December 31, 2010 for $68,750.00 to Holiday House; June 28, 2011 for $38,750 to Holiday House; and [*5]May 14, 2012 for $20,000 to Brookville Enterprises, LLC.
Conclusion
The branch of the motion seeking dismissal of the professional malpractice claim based upon auditing/accounting services rendered with regards to the alleged transactions on January 8, 2010, January 25, 2010 and February 9, 2010, that were included in the financial statement for the year ending June 30, 2010, and which was issued on February 7, 2011, is granted. 
The branch of the motion seeking dismissal of the professional malpractice claims based upon the audit performed on the 2011 financials by Mauceri, is denied.
The branch of the motion seeking dismissal of the aiding and abetting the commission of a tort claim, is denied.
The branch of the motion seeking dismissal of the negligent misrepresentation cause of action is granted.
The branch of the motion seeking dismissal of the breach of contract cause of action is granted.
The branch of the motion seeking dismissal of the fraud claim is denied.
The foregoing constitutes the decision, opinion, and order of this Court.
Dated: July 25, 2016
Jamaica, New York
______________________________
Hon. Martin E. Ritholtz
Justice, Supreme Court, Queens County