■ ROSELLA PEPENELLA, Appellant, v BRUMAR DAY SPA CORP., Doing Business as OASIS DAY SPA, Respondent. [39 NYS3d 231]—In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated April 20, 2015, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she was receiving massage therapy. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. The Supreme Court, among other things, granted that branch of the defendant's motion.

"On a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (*Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2014]; *see Beroza v Sallah Law Firm, P.C.*, 126 AD3d 742, 742 [2015]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Beroza v Sallah Law Firm, P.C.*, 126 AD3d at 742-743; *Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d at 674).

Here, the defendant established, prima facie, that this action was not commenced against it until after the applicable statute of limitations had expired (*see LeBlanc v Skinner*, 103 AD3d 202, 208 [2012]; *Rinzler v Jafco Assoc.*, 21 AD3d 360, 362 [2005]). In opposition, the plaintiff failed to raise a question of fact that would warrant denial of the motion. The plaintiff's contention that the law of the case doctrine precluded the Supreme Court from granting the defendant's motion is without merit (*see Donahue v Nassau County Healthcare Corp.*, 15 AD3d 332, 333 [2005]; *see also Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1293, 1294 [2009]). In addition, the plaintiff's contention that the defendant should be equitably estopped from relying on the statute of limitations was not raised in opposition to the defendant's motion and is not properly before this Court (*see Reid v Incorporated Vil. of Floral Park*, 107 AD3d 777, 778 [2013]; *Mitchell v Nassau Community Coll.*, 265 AD2d 456, 456 [1999]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

In light of our determination, we need not reach the defend-

ant's remaining contentions, which are raised as alternative grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]). Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.