Kuzar v Spar & Bernstein (2026 NY Slip Op 50173(U))

[*1]

Kuzar v Spar & Bernstein

2026 NY Slip Op 50173(U)

Decided on February 11, 2026

Civil Court Of The City Of New York, New York County

Tien, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 11, 2026
Civil Court of the City of New York, New York County

Juraj Kuzar, Plaintiff(s),

againstSpar & Bernstein, Defendant(s).

Index No. CV-009253-25/NY

Plaintiff's counsel:Michael P. Diraimondo, P.C.70 Little West StreetNew York, NY 10004-7435Defendant's counsel:Furman Kornfeld 
88 Pine StreetNew York, NY 10005

Alice Tam Tien, J.

The court hereby sua sponte recalls and vacates this court's decision and order dated January 14, 2026 and substitutes the following in its stead:
Recitation, as required by CPLR 2219(a), of the papers considered in review of this motion:
PAPERS        
NUMBEREDNotice of Motion, annexed Exhibits and Affidavits, Memorandum of Law 1, 2Affirmation in Opposition and Exhibits 3Reply Affirmation and Memorandum of Law 4, 5Upon the foregoing cited papers, the decision and order on the motion is granted for the following reason(s): 
Plaintiff commenced this action to recover damages stemming from alleged legal malpractice and breach of contract. Plaintiff retained the defendant to represent him in an asset forfeiture proceeding to recover $37,152.00 that was seized by U.S. Customs and Border Patrol ("CBP"). Plaintiff alleges his harm occurred on September 19, 2019, the thirty (30) days after the CBP forfeiture petition's filing deadline (plaintiff's exhibit A, verified complaint ¶7).
Defendant now moves to dismiss the action pursuant to CPLR 3211 (a)(7), (a)(1), and (a)(5). In support of the motion, it submits, inter alia, i) the retainer agreement; ii) defendant's [*2]termination letter ("Letter"); and iii) defendant's cover letter enclosing $6,000.00 payable to plaintiff for refunded legal fees. Defendant contends that its representation ended when it did not file the CBP forfeiture petition and that any subsequent acts fall outside the scope of its retainer agreement.
In opposition, plaintiff contends that defendant's legal representation extended until the Letter was sent on August 23, 2023 (plaintiff's affirmation ¶¶ 12, 17). Plaintiff does not dispute that he received a refund of $6,000.00 representing defendant's legal fees.
In considering a motion to dismiss, the court should afford the pleadings of a liberal construction, accept as true the facts alleged therein, and accord plaintiff the benefit of every possible inference (see Leon v Martinez, 84 NY2d 83 [1994]). "Stated another way, the court's role is to determine whether a cause of action is stated within the four corners of the complaint alone and not whether there is evidentiary support for the complaint" (see Frank v DaimlerChrysler Corp., 292 AD2d 118, 121 [1st Dept 2002]).
Statute of Limitations"On a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Kitty Jie Yuan v 2368 W. 12th St., LLC, 119 AD3d 674 [2d Dept 2014]). The burden then shifts to the plaintiff to raise a triable issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (see Beizer v Hirsch, 116 AD3d 725 [2d Dept 2014]). Pursuant to CPLR § 214 (6), an action to recover damages for legal malpractice must be commenced within three (3) years of when the alleged malpractice was committed.
In a legal malpractice action, the continuous representation doctrine tolls the statute of limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice (Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]). Representation is continuous when there is "clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney" (Farage v Ehrenberg, 124 AD3d 159, 164 [2d Dept 2014], lv denied 25 NY3d 906 [2015]), or "a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (Matter of Merker, 18 AD3d 332, 333 [1st Dept 2005]).
In the matter at bar, defendant fails to demonstrate, prima facie, that plaintiff failed to commence the action within three years of the alleged malpractice. It is uncontroverted that by the Letter, that defendant indicated that on January 6, 2021, plaintiff was informed that the case had been "closed and forfeited," and that plaintiff agreed with defendant's office that defendant would file a CBP Freedom of Information Act Request (FOIA) (plaintiff's exhibit C). The Letter further indicated that on December 9, 2022, defendant even spoke to plaintiff about the results of the FOIA request. The Letter reflects an indicium of a mutual understanding of the need for further representation on the forfeiture action. Defendant's own submissions in support of its motion raises issues of fact as to whether defendant continuously represented plaintiff, thereby tolling the statute of limitations. The FOIA request submitted by defendant clearly pertains specifically to the matter in which defendant committed the alleged malpractice. Even assuming that defendant had satisfied its initial burden, plaintiff's submissions in opposition sufficiently establish that an issue of fact exists as to whether the defendant continuously represented him, which would toll the statute of limitations. Accordingly, this portion of defendant's motion is denied.
[*3]Failure to State a Claim"To establish a cause of action for legal malpractice, plaintiff must show that: (i) the attorney was negligent; (ii) the attorney's negligence was a proximate cause of plaintiff's loss; and (iii) plaintiff suffered actual damages" (RTW Retailwinds, Inc. v Colucci & Umans, 213 AD3d 509, 510 [1st Dept 2023]). To constitute negligence, an attorney's conduct must be below the "ordinary and reasonable skill and knowledge commonly possessed by a member of the profession" (Bernstein v Oppenheim & Co., P.C., 160 AD2d 428, 430 [1st Dept 1990]). Plaintiff must also establish that "but for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages" (Pellegrino v File 291 AD2d 60, 63 [1st Dept 2002], lv denied 98 NY2d 606 [2002]). Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716 [2d Dept 2022]).
Here, even accepting the facts as alleged as true, the complaint lacks sufficient factual allegations to support plaintiff's contention that he would have succeeded in recovering his seized assets but for defendant's alleged negligence (see Gopstein v Bellinson Law, LLC, 227 AD3d 465 [1st Dept 2024]). Plaintiff's assertion that had defendant timely filed the petition, his money would have been returned to him, and that he would have only been penalized 10% for failing to declare his assets are wholly unsupported, conclusory and speculative. Further, plaintiff fails to rebut defendant's contention that his forfeiture petition would not have been successful because plaintiff failed establish the source of the funds.
Since the cause of action for breach of contract stems from the same operative facts as the legal malpractice cause of action and did not allege distinct damages, it is duplicative of the legal malpractice claim, and thus, similarly dismissed (see Alexim Holdings, LLC v McAuliffe, 221 AD3d 641 [2d Dept 2023]).
The court has considered the remaining contentions of the parties. To the extent that any request for relief was not addressed, it is denied.
Accordingly, it is hereby
ORDERED, that defendant's motion to dismiss is granted and the action is dismissed; and it is further
ORDERED, that the Clerk is directed to enter judgment in favor of defendant as against plaintiff; and it is further
ORDERED, that defendant is directed to serve a copy of this decision and order with notice of entry within ten (10) days of the date of entry.
This constitutes the decision and order of this court.
Date February 11, 2026Hon. Alice Tam Tien, JCC