■ ITALIA IMPORTS, INC., et al., Appellants, v WEISBERG & LESK et al., Respondents, et al., Defendants. (And Three Third-Party Actions.) [631 NYS2d 363] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 8, 1995, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.

The unambiguous written engagement letter between plaintiff Italia Imports, Inc. ("Imports") and defendant accounting firm, which covers the time frame when said plaintiff's bookkeeper embezzled money from plaintiff, provides that the accounting firm would merely perform an annual compilation of Imports' financial records based on information supplied by said plaintiff's management without verification by the accounting firm. There was no agreement to perform a "review" or an "audit" of Imports' financial condition. Moreover, the engagement letter expressly disclaimed any duty to discover wrongdoing and defalcations. Under these circumstances, it is clear that the accountants are not liable for failing to discover the defalcations of the bookkeeper. Further, there is no evidence defendants-respondents were negligent in their performance of any services for Imports. Finally, while plaintiffs argue that the accountants performed "extra services" and were thereby bound to a higher duty of care, there is no evi-

dence that the accountants performed any services that were not provided for in the engagement letter or implicitly related to the services noted in the engagement letter. Moreover, the clear engagement letter governs the terms of the parties' relationship and, as a matter of law, cannot be altered by the alleged parol or extrinsic evidence (*see, Mariani v Dyer*, 193 AD2d 456, *lv denied* 82 NY2d 658; *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 163). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.