■ D.D. HAMILTON TEXTILES, INC., et al., Respondents, v ESTATE OF THEODORE MATE, Deceased. [703 NYS2d 451] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 9, 1999, which granted plaintiffs' motion to reargue the court's prior order, entered October 9, 1998, granting defendant's motion for summary judgment dismissing the complaint, and upon reargument, denied the motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

In 1987, the individual plaintiffs, Donald and Carol Dolce, formed plaintiff D.D. Hamilton Textiles, Inc. (Hamilton). Hamilton did not retain a bookkeeper or an accountant until 1990 and, despite withholding money from employees for tax withholding purposes, failed to file any corporate tax returns prior to 1991. Similarly, the Dolces failed to file any personal tax returns after 1987.

In early 1990, plaintiffs approached Theodore Mate (whose estate is the defendant herein) to have his accounting firm assist them in bringing their tax delinquency into compliance with the law. Mate's firm began its work in May of that year and advised the Dolces that Hamilton would need to recreate its financial records going back to 1987 so as to prepare and file the delinquent tax returns and pay what was owed.

The Internal Revenue Service (IRS) first demanded that Hamilton file its delinquent returns, as well as pay the amount owed, in the fall of 1991. From then until April of 1992, Mate engaged in negotiations with the IRS and started the filing process with respect to the withheld taxes. Although the IRS was demanding in excess of $200,000, which it is evident that Hamilton did not have, a payment schedule was arranged whereby Hamilton would pay $5,000 per month for back taxes and would also begin to make current payments. Nevertheless, as plaintiff Donald Dolce conceded in his deposition testimony, plaintiffs were well aware that the foregoing payments were insufficient to meet the tax obligations. In April of 1992 the IRS seized Hamilton's assets, asserting that "Hamilton has neglected or refused to pay the full amount of the taxes assessed

within thirty days after the assessments, notices and demands and this neglect or refusal continues to date".

Plaintiffs commenced this action in April of 1993, alleging accounting malpractice arising out of defendant Mate's supposed failure to properly prepare and submit the mandated tax returns and other necessary filings. Discovery ensued, at the conclusion of which defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion concluding that "the proximate cause of plaintiffs' damages— which appear to be the seizure of their business by the IRS— was the plaintiffs' own failure to file tax returns for almost four years, the concomitant failure to pay taxes, and the ultimate inability to make any payments satisfactory to the IRS." Subsequently, however, Supreme Court granted plaintiffs' motion for reargument and upon reargument denied defendant's motion. This was error.

A claim of professional negligence requires proof that there was a departure from accepted standards of practice and that the departure was a proximate cause of the injury (*Georgetti v United Hosp. Med. Ctr.*, 204 AD2d 271, 272; *see also, Estate of Burke v Repetti & Co.*, 255 AD2d 483; *Stanski v Ezersky*, 228 AD2d 311, 311-312, *lv denied* 89 NY2d 805; *Post & Co. v Sidney Bitterman, Inc.*, 219 AD2d 214, 223). Here, plaintiffs' conclusory allegations fail to demonstrate that Mate deviated from any accepted standards of practice.

Interestingly, plaintiffs, in opposing dismissal of the complaint, submitted an affidavit from an accountant who states: "I believe that the failure of an accountant to bring a company such as Hamilton into IRS compliance in more than two years assuming it is not caused by the company or its principals, falls below the standard of care for an accountant." Plaintiffs' ultimate failure to address this latter point, namely, whether their dilemma was the result of their own malfeasance in failing to keep records, file returns and pay taxes for many years, highlights the insufficiency of their contention that there was a departure from accepted standards.

In any event, assuming arguendo that Mate somehow deviated from accepted standards of practice, plaintiffs failed to demonstrate that such departures were the proximate cause of any injury. In this regard, the record is clear that the sole proximate cause of Hamilton's injury was its severe financial distress and inability to meet tax obligations. Accordingly, dismissal of the complaint was appropriate. Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.