■ KRISTINA DENISE ENTERPRISES, INC., et al., Appellants, v SANDRA ARNOLD et al., Respondents. [838 NYS2d 667]—

In an action, inter alia, to recover damages for professional malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated December 21, 2005, as denied that branch of their motion which was for summary judgment on the issue of liability and granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A claim of malpractice requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury (*see D.D. Hamilton Textiles v Estate of Mate,* 269 AD2d 214 [2000]; *Estate of Burke v Repetti & Co.,* 255 AD2d 483 [1998]). The plaintiffs failed to establish a prima facie case of malpractice since there

was no evidence to support a finding that the alleged negligence proximately caused their injuries (*see e.g. Merz v Seaman*, 265 AD2d 385, 389 [1999]). Even if, as the plaintiffs alleged, the defendants departed from generally-accepted accounting principles in their preparation of a compilation report on the plaintiffs' financial statements (*see Italia Imports v Weisberg & Lesk*, 220 AD2d 226 [1995]), the plaintiffs failed to establish, prima facie, that their injuries were proximately caused by such departure rather than their "severe financial distress and inability to meet tax obligations" (*D.D. Hamilton Textiles v Estate of Mate, supra* at 215). Since the plaintiffs failed to meet their burden, the sufficiency of the opposing papers need not be considered (*see e.g. O'Leary v Bravo Hylan, LLC*, 8 AD3d 542 [2004]).

In addition, the defendants established their entitlement to judgment as a matter of law by demonstrating through their expert's affidavit that any departures from the accepted standards of practice were not a proximate cause of the plaintiffs' alleged injuries. In opposition, the plaintiffs failed to raise a triable issue of fact through the affidavit of their purported expert, who was not a licensed or registered certified public accountant (*see O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512 [2007]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.