Alskom Realty, LLC v Baranik (2020 NY Slip Op 07153)





Alskom Realty, LLC v Baranik


2020 NY Slip Op 07153


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-09892
 (Index No. 511287/14)

[*1]Alskom Realty, LLC, et al., respondents,
v
Roman Baranik, et al., appellants.


Law Office of Robert B. Marcus, P.C., White Plains, NY, for appellants.
Chiesa Shahinian & Giantomasi, P.C., New York, NY (Alexander Komolov pro se of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for accounting malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 20, 2017. The order granted the plaintiffs' motion for summary judgment on the issue of liability on the causes of action to recover damages for accounting malpractice and denied other pending motions as academic.
ORDERED that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the issue of liability on the causes of action to recover damages for accounting malpractice is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The plaintiffs allege accounting malpractice in connection with the defendants' preparation of a federal income tax return for the year 2007. They claim that the tax return included incorrect information relating to the sale of a condominium apartment to nonparty David Segal, on the ground that they never received the balance of the purchase price at the closing.
The plaintiffs claimed that they transferred title at the closing because Segal promised that he would immediately resell the apartment to another buyer for a profit and that he would then pay the remainder of the purchase price. Thereafter, Segal claimed he paid the purchase price with pieces of artwork from his company. The question of whether the purchase price was in fact paid became the subject of a separate action in the Supreme Court, New York County (hereinafter the New York County action), which was dismissed based upon the statute of frauds, because the plaintiffs did not produce the contract of sale (see Komolov v Segal, 40 Misc 3d 1228[A] [Sup Ct, New York County], affd 117 AD3d 557).
In preparing the 2007 tax return for the plaintiff Alksom Realty, LLC, the defendants listed a sales price of $4,100,000 for the apartment, a cost basis of $3,564,946, and a capital gain of $535,054. The defendants claim that after the individual plaintiff, Alexander Komolov, and Segal informed the defendants of the transaction, Segal provided a handwritten statement, which stated a [*2]purchase price of $4,100,000 and certain costs.
In 2013, the accountants filed an amended 2007 federal income tax return, but the amended return was rejected as untimely.
On December 1, 2014, the plaintiffs commenced this action, inter alia, to recover damages for accounting malpractice relating to the 2007 tax return, and the filing of the late amended return, alleging that the defendants, among other things, relied upon the handwritten statement sent by Segal, who was not their client. The plaintiffs asserted, as to the injury incurred by them, that Segal used the tax return to prove that the purchase price was paid in the New York County action.
On their motion for summary judgment in this action, the plaintiffs submitted an affirmation by their attorney arguing that the defendants departed from accepted standards of accounting practice and violated 31 CFR 10.34(d), which states that a practitioner may rely in good faith without verification upon information furnished by the client. The plaintiffs' attorney argued in his affirmation that, since the information from Segal was not from a client, it required verification. The plaintiffs also submitted a transcript of the deposition testimony of the defendant Roman Baranik, one of the accountants, taken in connection with the New York County action, stating that prior to preparing the return, Komolov and Segal informed him of the transaction, and Segal provided the handwritten statement. Baranik spoke to Segal, telling him that he needed "documents for the sale" such as a closing statement showing the purchase price, the expenses, and the net proceeds, but Segal said he did not have any documents. It was not until 2010 that Baranik learned that the purchase price had not been paid.
In opposition, the defendants asserted that they did not know that the information provided by Segal was incorrect when they prepared the return, and that they were not negligent because Komolov failed to provide them with documents relating to the transaction. The order appealed from granted the plaintiffs' motion for summary judgment on the issue of liability on the causes of action to recover damages for accounting malpractice.
In order to succeed on a claim for accounting malpractice, a plaintiff must demonstrate a departure from accepted standards of practice and that the departure was a proximate cause of injury (see KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488; Kristina Denise Entrs., Inc. v Arnold, 41 AD3d 788; D.D. Hamilton Textiles v Estate of Mate, 269 AD2d 214; Estate of Burke v Repetti & Co., 255 AD2d 483). Injury is an element of the cause of action (see KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d at 488). No injury was established here. The 2007 tax return was not the basis for the dismissal of the New York County action, which sought recovery of the allegedly unpaid purchase price; rather, that action was dismissed for failure to produce the contract of sale. The plaintiffs did not demonstrate on their motion that the purchase price was never in fact paid with artwork. Further, there is no evidence in this record of increased tax liability.
The capital gain reported in the 2007 return in the amount of $535,054 indicated that the defendants used a cost basis for the calculation. Komolov informed the defendants of the transaction, and did not indicate that the purchase price had not been paid. The record does not indicate whether Segal provided the information in issue without the plaintiffs' consent.
Further, the affirmation of the plaintiffs' attorney did not provide evidence in admissible form of whether the defendants complied with acceptable accounting standards. The attorney did not purport to be an expert in standards of accounting practice.
Therefore, the plaintiffs failed to establish their entitlement to judgment as a matter of law on the issue of liability. Accordingly, their motion for summary judgment on the issue of liability on the causes of action to recover damages for accounting malpractice should have been denied. We remit the matter to the Supreme Court, Kings County, for further proceedings on the motions that were denied as academic in light of the court's determination granting the plaintiff's motion for summary judgment.
The defendants' remaining contention need not be reached in light of our determination.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court