NFGTV, Inc. v Lutz & Carr Certified Pub. Accountants, LLP (2023 NY Slip Op 50849(U))

[*1]

NFGTV, Inc. v Lutz & Carr Certified Pub. Accountants, LLP

2023 NY Slip Op 50849(U)

Decided on August 9, 2023

Supreme Court, New York County

Borrok, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 9, 2023
Supreme Court, New York County

NFGTV, Inc. D/B/A EASTERN, TOBY BARRAUD, JIYOON YEOM, STEFAN SPRINGMAN, ZOPARI A. KRISTJANSON, Plaintiff,

against
Lutz and Carr Certified Public Accountants, LLP, Defendant. LUTZ AND CARR CERTIFIED PUBLIC ACCOUNTANTS, LLP Plaintiff, WHALEY HAMMONDS TOMASELLO, P.C., ELEMENT CPA, PC, CHIZNER & COMPANY, CERTIFIED PUBLIC ACCOUNTANTS, PLLC Defendant.

LUTZ AND CARR CERTIFIED PUBLIC ACCOUNTANTS, LLP Plaintiff,
against
WHALEY HAMMONDS TOMASELLO, P.C., ELEMENT CPA, PC, CHIZNER & COMPANY, CERTIFIED PUBLIC ACCOUNTANTS, PLLC Defendant.
Index No. 154545/2022

Plaintiffs by:
Rosenberg, Giger & Perala P.C., 152 West 57th Street, 18th Floor, New York, NY 10019 Sullivan & Worcester LLP, 488 Madison Avenue, 10th Floor, New York, NY 10022
Defendants by:
1430 Broadway, 17th Floor, New York, NY 10018

Andrew Borrok, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 61, 63, 64
were read on this motion to/for SUMMARY JUDGMENT(AFTER JOINDER.
The following e-filed documents, listed by NYSCEF document number (Motion 002) 69, 70, 71, 72, 73, 74, 75, 158, 161 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 157, 162 were read on this motion to/for SEAL.
NFGTV's motion (Mtn. Seq. No. 001) for summary judgment is granted because it is undisputed that L&C advised both Two Franks and NFGTV that it was necessary to file an IRS Form 3115 and then filed it for Two Franks but failed to file it for NFGTV. Subsequently, when L&C acknowledged their mistake, they themselves told the IRS that the individual plaintiffs would be entitled to a refund and the amount of such proposed refund (i.e., that there was sufficient basis for such refund). Lastly, to the extent that L&C argues that this should have been picked up by the accountants doing the taxes for tax years following the 2016 tax year, it was L&C who completed the tax returns for the 2017 tax year and they did not in fact pick up the 2016 error that they had made. As such, L&C does not raise an issue of fact warranting denial of the motion or a trial on the issue of their liability (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Damages are referred to a JHO/Special Referee to hear and determine.
The motions (Mtn. Seq. No. 002-003) to seal NYSCEF Doc. Nos. 71-74 and 78-88 are [*2]granted in accordance with Part 216 of the Uniform Rules for the Trial Courts for good cause shown because the documents contain confidential and proprietary financial and tax information.

The Relevant Facts and Circumstances

The facts relevant to this motion are straightforward and undisputed. 
Toby Barraud and Stefan Springman are co-owners of NFGTV, Inc. d/b/a Eastern (NFGTV), a television production company, and non-party Two Franks Holdings (Two Franks), a company that provides management services to NFGTV (NYSCEF Doc. No. 71, at 2). Messrs. Barraud and Springman hired Lutz and Carr Certified Public Accountants, LLP (L&C) to provide general tax advice and to prepare the required income tax returns for NFGTV and Two Franks (id.). Jiyoon Yoem and Zopari Kristjanson, Messrs. Barraud and Springman's spouses, filed marital joint tax returns with Messrs. Barraud and Springman during the relevant time period. 

Significantly, (i) the parties do not dispute that for the tax year 2016, L&C advised Messrs. Barraud and Springman that NFGTV and Two Franks had to change from cash to accrual accounting in accordance with 26 US Code Section 448(a), (ii) Paul Sarlo, a partner at L&C, advised Messrs. Barraud and Springman that IRS Forms 3115, Applications for Change in Accounting Method, must be filed for both Two Franks and NFGTV to reflect a change in accounting from cash to accrual accounting, (iii) L&C prepared the IRS Form 3115 for Two Franks to be filed along with its 2016 income tax return and (iv) L&C failed to prepare and file the IRS Form 3115 for NFGTV (NYSCEF Doc. No. 71, at 2). In fact, when L&C filed NFGTV's 2016 tax return, (x) L&C reported income and expenses using the accrual method of accounting but failed to attach the IRS Form 3115 to formally change the form of accounting from cash accounting to accrual based accounting and (y) L&C failed to claim a net negative adjustment in connection with this change (id., at 2-3). As a result, NFGTV paid tax on an additional $3,345,603 in 2016 that it would not have paid had L&C properly filed the IRS Form 3115 and claimed the net negative income adjustment. L&C also filed tax returns for NFGTV and Two Franks for the 2017 tax year before the Plaintiffs changed accounting firms (id., at 3).
Subsequently, in 2020, the plaintiffs engaged Chizner & Company, LLC (Chizner) to prepare Two Franks', NFGTV's, and the individual plaintiffs' tax return and on September 10, 2020, Chizner notified L&C of their failure to timely file the IRS Form 3115 for NFGTV's 2016 tax year (NYSCEF Doc. No. 71, at 3). 
When L&C learned of its mistake, (i) L&C calculated that NFGTV was entitled to a $3,345,603 negative adjustment for the tax year 2016 and L&C prepared proposed Form 1040Xs and Amended US Individual Income Tax Returns for the individual plaintiffs to reflect their allocable share of the net negative adjustment and (ii) advised the individual plaintiffs that they filed the Forms 1040X to preserve their right to a refund (NYSCEF Doc. No. 71, at 3; see NYSCEF Doc. Nos. 72-73). At this time, they anticipated that each Messrs. Barraud and Springman would receive half of the net negative adjustment and that each couple would receive over $500 thousand in a refund for the 2016 tax year when the IRS made the adjustment (NYSCEF Doc. No. 72, at 3; NYSCEF Doc. No. 73, at 3). 
On August 5, 2021, L&C also applied for a private letter ruling for a late change in accounting method for the 2016 tax year. In connection with this application. L&C adduced Mr. Sarlo's affidavit and a proposed amended individual tax return Form 1040X for each of the individual plaintiffs. In Mr. Sarlo's affidavit, he acknowledged L&C's error in preparing the NFGTV's tax returns:
On the advice of the Accountants (i.e., L&C), the Shareholders' (i.e., Messrs. Barraud and Springman) intention was that NFGTV and Two Franks change the method of accounting from the cash to accrual method. The Shareholders had no expertise in taxation and did not know which specific forms were required. Rather, the Shareholders acted reasonably and in good faith when they reasonably relied on the Accountants, a certified public accounting firm, including advice of an experienced tax partner at that firm, Paul Sarlo, to prepare and file the required Forms 3115. The Accountants prepared and timely filed the Form 3115 for Two Franks. The Accountants also prepared the 2016 federal income tax return for NFGTV based on the accrual method and such accounting method has been utilized by NFGTV since 2016. However, the Accountants inadvertently failed to prepare and file the required Form 3115 for NFGTV for the 2016 calendar year.
Upon learning of its failure to timely file the Form 3115, the Accountants promptly calculated the required Section 481(a) adjustment amount and prepared and protectively filed amended individual income tax returns for the 2016 calendar year for the Shareholders. The inadvertent error of the Accountants should not frustrate the intention of Mr. Barraud and Mr. Springman to elect, on their Accountants' professional tax advice, to formally change the accounting method of NFGTV from the cash to accrual method commencing with the 2016 calendar year. Such an election, if timely made, would have been an automatic election, and since 2016, NFGTV has reported its income and deductions on the accrual method.
As noted above, as is the case here, a taxpayer is deemed to have acted reasonably and in good faith if the taxpayer reasonably relied on a qualified tax professional who failed to make, or advise the taxpayer to make the election. Tres. Reg. § 301.9100-3(b)(1)(I)(v).
(NYSCEF Doc. No. 71, at 5 [emphasis added]). 
In the proposed amended tax return Forms 1040Xs, L&C indicated that if their application was granted, the amended returns would include anticipated refunds of $517,525 for Mr. Barraud and $514,893 for Mr. Springman:
As a result of the reduced income, the Taxpayers anticipate a refund in the amount of $517,525 for the 2016 tax year and will file an actual claim for this refund in due course from the time the private letter ruling is granted in favor of NFGTV Inc., as described above
...
As a result of the reduced income, the Taxpayers anticipate a refund in the amount of $514,893 for the 2016 tax year and will file an actual claim for this refund in due course from the time the private letter ruling is granted in favor of NFGTV Inc., as described above
(NYSCEF Doc. No. 72, at 3; NYSCEF Doc. No. 73, at 3).
By letter ruling dated March 17, 2022, the IRS denied L&C's request. 
Two months later, on May 26, 2022, the plaintiffs then sued asserting a single cause of action  professional negligence — accounting malpractice.
By third-party complaint dated March 23, 2023 (NYSCEF Doc. No. 28), L&C sued Whaley Hammonds Tomasello, P.C., Element CPA, PC, and Chizner, all of whom provided subsequent accounting services to the plaintiffs, alleging a cause of action against each for contribution and indemnification. Significantly, L&C alleges in the third-party complaint that the subsequent accountants breached the standards of care for failing to make reasonable inquiries to find and correct L&C's failure to timely file the IRS Form 3115 for the 2016 tax year (id., ¶¶ 86-91).

Discussion
On a motion for summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez, 68 NY2d at 324). Failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers (id.). Once such a showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring trial (id.). 
In order to succeed on a claim for accounting malpractice, a plaintiff must demonstrate a departure from accepted standards of practice and that the departure was the proximate cause of injury (Alskom Realty, LLC v Baranik, 189 AD3d 745, 747 [2d Dept 2020]). 
In their opposition papers, L&C argues that there are material issues of fact as to whether (i) whether their failure to prepare and file the IRS Form 3115 for NFGTV was a departure from the accepted standards of accounting practice such that it can constitute malpractice, (ii) whether Messrs. Barraud and Springman would have been able to deduct flow-through losses from NFGTV to their individual tax returns to offset their taxable income, such that they were damaged, and (iii) whether the accountants that were hired by the plaintiffs after L&C was terminated failed to correct the 2016 tax returns before the statute of limitations closed, such that their actions constitute an intervening cause. The arguments fail.
A court can find malpractice absent expert testimony where the ordinary experience of the fact finder provides a sufficient basis for judging the adequacy of the professional service (Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo, 259 AD2d 282, 283 [1st Dept 1999]; cf. Gertler v Sol Masch & Co., 40 AD2d 282, 282 [1st Dept 2007]). 
As discussed above, it is undisputed that L&C both advised that filing the IRS Form 3115 was required and they did in fact file it for one of the plaintiffs' companies (Two Franks) but not for the other (NFGTV) for the 2016 tax year. Stated differently, L&C established the standard of [*3]care required and their own breach by advising that the Form 3115 was required and by admitting that they had made a mistake in not filing it (NYSCEF Doc. No. 71, at 2-3). Additionally, L&C themselves submitted papers to the IRS indicating that as a result of their mistake, the plaintiffs were damaged and that the plaintiffs substantially overpaid their taxes and the individual plaintiffs were entitled to take these deductions on their individual tax returns (NYSCEF Doc. Nos. 71-73). This isn't a question of the plaintiffs' word against the defendant's, it is a question of the defendant's word against the defendant. As such, there are no material issues of fact for trial that the defendant committed professional malpractice.[FN1]
Finally the Court notes that the work done by other accounting firms for subsequent years does not constitute an intervening superseding cause to the work done by L&C for the 2016 tax year because it was L&C that completed the tax returns for the 2017 tax year (Bachmann, Schwartz & Abramson v Advance Intl., 251 AD2d 252, 253 [1st Dept 1998]; cf. Pyne v Block & Assoc., 305 AD2d 213 [1st Dept 2003] and Golden v Cascione, Chechanover & Purcigliotti, 286 AD2d 281 [1st Dept 2001]).[FN2]

The Court has considered L&C's remaining arguments and finds them unavailing.
It is hereby ORDERED that the plaintiffs' motion (Mtn. Seq. No. 001) for summary judgment as to liability is granted; and it is further
ORDERED that the motions (Mtn. Seq. No. 002-003) to seal are granted; and it is further
ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to determine the plaintiffs' damages, which is hereby submitted to the JHO/Special Referee for such purpose; and it is further
ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further
ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link ), shall assign this matter at the initial appearance to an available JHO/Special Referee to determine as specified above; and it is further
ORDERED that counsel shall immediately consult one another and counsel for plaintiffs shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further 
ORDERED that the plaintiffs shall serve a proposed accounting within 24 days from the date of this order and the defendant shall serve objections to the proposed accounting within 20 days from service of plaintiffs' papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further
ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further
ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issues specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further
ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further
ORDERED that the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to seal NYSCEF Doc. Nos. 71-74 and 78-88 and to separate these documents and to keep them separate from the balance of the file in this action; and it is further
ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed documents to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case and any party; and it is further
ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).
8/9/2023

Footnotes

Footnote 1:For completeness, the Court notes that the plaintiffs also adduce the affidavit of Mark Mirsky a partner at the accounting firm Kutchins, Robbins & Diamond, Ltd. and a Certified Public Accountant, who testified that the plaintiffs would have been able to take advantage of the reduction in taxable income (NYSCEF Doc. No. 64, ¶ 8). The Court need not consider Mr. Mirsky's affidavit in finding that L&C is liable for malpractice.

Footnote 2:Unlike these cases, the engagement of the other firms were for two years removed from when L&C made the mistake and it was L&C that made the error not only in doing the 2016 tax year but in reviewing it for the 2017 tax year.