Channel Fabrics, Inc. v Skwiersky, Alpert & Bressler LLP (2023 NY Slip Op 06471)

Channel Fabrics, Inc. v Skwiersky, Alpert & Bressler LLP

2023 NY Slip Op 06471

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 655432/21 Appeal No. 1272 Case No. 2023-02433 

[*1]Channel Fabrics, Inc., Plaintiff-Appellant,
v
Skwiersky, Alpert & Bressler LLP et al., Defendants-Respondents.

Amini LLC, New York (Avery Samet of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Rachel Aghassi of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered November 18, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claims for professional malpractice and breach of contract, unanimously affirmed, without costs.
To state a claim for accountant malpractice, a complaint must allege that there was a departure from accepted standards of practice and that the departure was a proximate cause of the injury suffered by plaintiff (D.D. Hamilton Textiles v Estate of Mate, 269 AD2d 214, 215 [1st Dept 2000]; see also Friedman v Anderson, 23 AD3d 163, 164-165 [1st Dept 2005]). An accountant's engagement letter governs the parameters of their retention (Italia Imports v Weisberg & Lesk, 220 AD2d 226, 226-227 [1st Dept 1995]). An accountant who has been retained to perform a "review engagement" is responsible for duties more limited in scope than an accountant hired to conduct an audit (William Iselin & Co. v Mann Judd Landau, 71 NY2d 420, 424-425 [1988]).
The crux of the complaint is that defendants were negligent and committed malpractice by not discovering an alleged deficit in plaintiff's financial statements, and by failing to report that deficit to plaintiff. However, these allegations are "utterly refute[d]" by the documentary evidence, which defined the scope of the parties' engagement and confirmed that defendants had no such duty (Chen v Romona Keveza Collection LLC, 208 AD3d 152, 157 [1st Dept 2022] [internal quotation marks omitted]; CPLR 3211 [a][1]).
The engagement letters specified that defendants had been retained to conduct a "review engagement" —not an audit — and that defendants' engagement could "not be relied upon to identify or disclose any financial statement misstatements." The engagement letters also stated that defendants would "assist in the preparation of [plaintiff's] financial statements . . . but the responsibility for the financial statements remains with [plaintiff]," and expressly stated that defendants would not express an opinion regarding the financial statements. Thus, the engagement letters confirmed that the responsibility for discovering issues with plaintiff's finances remained with plaintiff, not defendants.
Nor did the complaint allege facts indicating that defendants' review engagement deviated from the accepted standards of practice. Rather, the complaint presented only conclusory allegations that defendants failed to identify errors in the financial information that plaintiff had provided to them. Plaintiff refers to vague "analytical procedures" that purportedly would have uncovered mistakes in its financial reporting, which then were to have been verified through defendant's questioning ofplaintiff (and not, as in an audit, the questioning of third parties). However, plaintiff fails to explain how engaging in "analytical procedures" would have uncovered the deficit or identify the specific "analytical procedures" that defendants [*2]should have, but did not, perform. Plaintiff has also not identified the specific errors in its accounts receivable that the analytical procedures would have supposedly revealed.
Plaintiff's second cause of action for breach of contract was also properly dismissed as redundant of the first cause of action for professional malpractice. Plaintiff alleges the same underlying facts and the same damages in its breach of contract cause of action as it alleges in its professional malpractice cause of action (see e.g., Ruiz v 829 Realty, LLC, 198 AD3d 581 [1st Dept 2021]). Regardless, plaintiff's additional allegations in support of the second cause of action have failed to state a claim, stating only conclusory allegations that defendants neglected to assist plaintiff's bookkeeper. Plaintiff has not alleged specific facts showing how defendants allegedly failed to provide this service. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023