Incorporated Vil. of Freeport v Albrecht, Viggiano, Zurich & Co., P.C. (2024 NY Slip Op 01800)

Incorporated Vil. of Freeport v Albrecht, Viggiano, Zurich & Co., P.C.

2024 NY Slip Op 01800

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-04733
 (Index No. 607889/15)

[*1]Incorporated Village of Freeport, respondent,
v
Albrecht, Viggiano, Zurich & Company, P.C., et al., appellants.

Vedder Price P.C., New York, NY (John H. Eickemeyer and Daniel C. Green of counsel), for appellants.
Simmons Jannace DeLuca, LLP, Hauppauge, NY (Stacey Ramis Nigro of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for accounting malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 2, 2020. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the second amended complaint and granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action to recover damages for accounting malpractice.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, and sixth causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for accounting malpractice against the defendants, Albrecht, Viggiano, Zurich & Company, P.C., Robert McGrath, and Patrick Bryan (hereinafter collectively the defendants), an accounting firm and individual accountants at that firm. The defendants provided the plaintiff with certain financial services for more than 10 years and were retained to audit the plaintiff's financial statements for the year ending February 28, 2013 (hereinafter the 2013 audit). As a result of alleged material errors in the 2013 audit, the plaintiff received a negative outlook from a company providing, among other things, opinions of the relative future credit risk of entities, Moody's Investor Service (hereinafter Moody's), which caused the plaintiff to incur increased borrowing costs, hire additional staff to correct the errors, and sell certain property in order to receive an improved Moody's rating. Following the completion of discovery, the defendants moved for summary judgment dismissing the second amended complaint. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the issue of liability on the first cause of action, alleging accounting malpractice. By order entered June 2, 2020, the Supreme Court, among other things, denied the defendants' motion for summary judgment dismissing the second amended complaint and granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the first cause [*2]of action. The defendants appeal.
The Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the first cause of action, alleging accounting malpractice, the second cause of action, alleging breach of contract, the fifth cause of action, alleging negligent misrepresentation, and the seventh cause of action, alleging breach of fiduciary duty. "A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (Bourne v Martin Dev. & Mgt., LLC, 219 AD3d 684, 685 [internal quotation marks omitted]; see Katz v Beil, 142 AD3d 957, 964). Rather, "the prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Katz v Beil 142 AD3d at 965 [alteration and internal quotation marks omitted]; see Koziar v Grand Palace Rest., 125 AD3d 607, 608). Here, the defendants failed to satisfy their prima facie burden by simply pointing to alleged deficiencies in the plaintiff's proof (see Bourne v Martin Dev. & Mgt., LLC, 219 AD3d at 685; Katz v Beil, 142 AD3d at 964). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law with respect to these causes of action, the burden never shifted to the plaintiff to raise a triable issue of fact, and the court properly denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, fifth, and seventh causes of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, and sixth causes of action. The third and fourth causes of action, alleging fraud and conspiracy to commit fraud, respectively, are duplicative of the accounting malpractice and breach of contract causes of action, since they arise from the same facts as those underlying the accounting malpractice and breach of contract causes of action and do not allege distinct damages (see Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 823; Biberaj v Acocella, 120 AD3d 1285, 1287; see also Goldner v Possilico, 7 AD3d 666, 669). The sixth cause of action, alleging unjust enrichment, is similarly duplicative (see Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli, 215 AD3d 699, 702). Further, the unjust enrichment cause of action is subject to dismissal because the conduct at issue was governed by a written contract. As a general rule, the existence of a valid and enforceable contract governing a particular subject matter precludes recovery in quasi-contract on a theory of unjust enrichment for events arising out of the same subject matter (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572; Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 758; see also Donenfeld v Brilliant Tech. Corp., 96 AD3d 616, 617).
The Supreme Court properly granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the first cause of action, alleging accounting malpractice. "In order to succeed on a claim for accounting malpractice, a plaintiff must demonstrate a departure from accepted standards of practice and that the departure was a proximate cause of injury" (Alskom Realty, LLC v Baranik, 189 AD3d 745, 747; see Kristina Denise Enters., Inc. v Arnold, 41 AD3d 788, 788). Although summary judgment is not appropriate in a malpractice action where the parties submit conflicting expert opinions, "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Longhi v Lewit, 187 AD3d 873, 877 [internal quotation marks omitted]; see Lowe v Japal, 170 AD3d 701, 702). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Longhi v Lewit, 187 AD3d at 878 [internal quotation marks omitted]; Lowe v Japal, 170 AD3d at 703).
Here, the plaintiff satisfied its prima facie burden by submitting, among other things, the affidavit and report of an accounting expert, Matt Rogers. Specifically, Rogers opined that the defendants departed from the generally accepted auditing standards, generally accepted government auditing standards, and accepted standards of practice during the 2013 audit by failing to date and perform subsequent events procedures with respect to the second and third reissued versions of their audit report; failing to evaluate, audit evidence, and document support relating to the PILOT receivable and related revenue; and failing to perform procedures, obtain sufficient evidence, and [*3]prepare documentation relating to accounts payable. In opposition, the defendants failed to raise a triable issue of fact. The report of the defendants' accounting expert, Vincent J. Love, did not address the specific assertions made by Rogers (see Longhi v Lewit, 187 AD3d at 878).
The defendants' remaining contention is without merit.
The plaintiff's request for certain affirmative relief is not properly before this Court, since the plaintiff did not cross-appeal from the order entered June 2, 2020 (see Hecht v City of New York, 60 NY2d 57, 61-62; Ahmed v Fernando, 210 AD3d 832, 833).
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.

2020-04733 DECISION & ORDER ON MOTION
Incorporated Village of Freeport, respondent,
v Albrecht, Viggiano, Zurich & Company, P.C.,
et al., appellants.
(Index No. 607889/15)

Appeal from an order of the Supreme Court, Nassau County, entered June 2, 2020. Motion by the respondent, inter alia, to dismiss the appeal on the ground that it has been rendered academic and for an award of costs and attorneys' fees. By decision and order on motion of this Court dated March 19, 2021, those branches of the motion which were to dismiss the appeal on the ground that it has been rendered academic and for an award of costs and attorneys' fees were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branches of the respondent's motion which are to dismiss the appeal on the ground that it has been rendered academic and for an award of costs and attorneys' fees are denied.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court