Gordon v Vladislav Tsirkin CPA & Co., LLC (2024 NY Slip Op 03682)

Gordon v Vladislav Tsirkin CPA & Co., LLC

2024 NY Slip Op 03682

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-05583
 (Index No. 1321/19)

[*1]Lana Gordon, et al., etc., respondents, 
v
Vladislav Tsirkin CPA & Co., LLC, et al., appellants. Allen Schwartz, Brooklyn, NY, for appellants.

Catafago Fini, LLP, New York, NY (Jacques Catafago of counsel), for respondent Lana Gordon.
Igor Niman, Brooklyn, NY, for respondent Anna Dykshteyn.

DECISION & ORDER
In an action, inter alia, to recover damages for accounting malpractice and breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 23, 2021. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging accounting malpractice and breach of contract.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging accounting malpractice and breach of contract are granted.
The plaintiffs commenced this action, inter alia, to recover damages for accounting malpractice and breach of contract against the defendants, who are accountants, alleging that they failed to prepare and file K-1 statements and tax returns for Sapphire Agriculture, LLC, and ONYX, LLC. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, inter alia, denied those branches of the defendants' motion which were to dismiss the causes of action alleging accounting malpractice and breach of contract. The defendants appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference" (Angeli v Barket, 211 AD3d 896, 897; see Leon v Martinez, 84 NY2d 83, 87). "Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Garendean Realty Owner, LLC v Lang, 175 AD3d 653, 653 [internal quotation marks omitted]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926). "Dismissal of the complaint is [*2]warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Nassau Operating Co., LLC v DeSimone, 206 AD3d at 925).
In order to succeed on a claim for accounting malpractice, a plaintiff must demonstrate a departure from accepted standards of practice and that the departure was a proximate cause of injury (see Alskom Realty, LLC v Baranik, 189 AD3d 745, 747; Kristina Denise Enters., Inc. v Arnold, 41 AD3d 788, 789). "Injury is an element of the cause of action" (see Alskom Realty, LLC v Baranik, 189 AD3d at 747). Here, the plaintiffs failed to adequately plead a cause of action alleging accounting malpractice. The plaintiffs failed to sufficiently allege that the defendants departed from accepted standards of practice and that the defendants proximately caused the plaintiffs' injuries (see Kristina Denise Enters., Inc. v Arnold, 41 AD3d at 789; see also Ecker v Zwaik & Bernstein, 240 AD2d 360, 362).
Furthermore, the cause of action alleging breach of contract was duplicative of the accounting malpractice cause of action, as it arose from the same operative facts and did not allege distinct damages (see Schwartz v Leaf, Salzman, Manganelli, Pfiel, & Tendler, LLP, 123 AD3d 901, 902; Bruno v Trus Joist a Weyerhaeuser Bus., 87 AD3d 670, 674).
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging accounting malpractice and breach of contract.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court